UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE INOVIO PHARMACEUTICALS, INC. DERIVATIVE LITIGATION | Lead Case No. 2:20-cv-01962-GJP |

**PRELIMINARY APPROVAL ORDER**

Pedram Beheshti, Arthur Isman, Krishna Kishor Devarakonda, Brian Foster, and Brandon Fettig (the "Federal Plaintiffs") in the above-captioned action (the "Federal Action") have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of stockholder derivative claims brought on behalf of Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company"), as well as the potential claims asserted by certain Inovio stockholders, in accordance with the Stipulation of Settlement dated March 31, 2023 (the "Stipulation"); (ii) approving the form and manner of the Notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal of the following stockholder derivative actions with prejudice: (i) the above-captioned action, titled *In re Inovio Pharmaceuticals, Inc. Derivative Litigation*, Lead C.A. No. 2:20-cv-01962 (E.D. Pa.); and (ii)

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

*Schumacher v. Benito, et al.*, C.A. No. 2022-0292-KJSM (Del. Ch.) (collectively, the "Derivative Actions");

WHEREAS, the Stipulation resolves the litigation demand asserted by Inovio stockholders Rita Azrelyant and Lydia Grech;

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Inovio Pharmaceuticals, Inc. ("Inovio" or the "Company") and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Inovio stockholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on October 11, 2023 at 10:00 a.m., before the Honorable Gerald J. Pappert, at the U.S. District Court for the Eastern District of Pennsylvania, Philadelphia Division, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; (v) whether Service Awards payable from the Fee and Expense Amount should be approved; and (vi) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within ten (10) days after the entry of this Preliminary Approval Order, Inovio shall: (1) post a copy of the Notice and the Stipulation and exhibits thereto on the investor relations page of the Company's website; (2) publish the Notice in *Investor's Business Daily* or issue a press release with *GlobeNewswire*; and (3) file with the SEC the Notice and Stipulation and exhibits thereto as exhibits to an SEC Form 8-K. The Notice shall provide a link to the investor relations page on Inovio's website where the Notice and Stipulation and exhibits thereto may be viewed, which page will be maintained through the date of the Settlement Hearing.

6. All costs incurred in the filing, posting, and publication of the Notice shall be paid by Inovio, and Inovio shall undertake all administrative responsibility for the filing, posting, and publication of the Notice.

7. At least thirty (30) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Inovio Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Derivative Actions concerning the Settlement, whether favorable or unfavorable to Current Inovio Stockholders.

9. Pending final determination of whether the Settlement should be approved, Plaintiffs and Current Inovio Stockholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any stockholder of Inovio common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Inovio stockholder shall be heard or entitled to contest the approval of the Settlement, or, if approved, the Judgment to be entered thereon, unless that Inovio stockholder has caused to be filed, and served on counsel as noted below: (i) a written notice of objection with the case name and number (*In re Inovio Pharmaceuticals, Inc. Derivative Litigation*, Lead Case No. 2:20-cv-01962-GJP (E.D.

Pa.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Inovio common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their expected testimony.

11. At least twenty-one (21) calendar days prior to the Settlement Hearing set for October 11, 2023, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Eastern District of Pennsylvania, Philadelphia Division, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Counsel for Plaintiffs:*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: 516-922-5427
Email: tbrown@thebrownlawfirm.net

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: 302-295-5310
Email: sdr@rl-legal.com

*Counsel for Defendants:*

**COOLEY LLP**
Koji Fukumura
4401 Eastgate Mall
San Diego, CA 92121
Telephone: 858-550-6008
Email: kfukumura@cooley.com

12. Only stockholders who have filed with the Court and sent to the Settling Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing unless the Court orders otherwise.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and service awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. The Federal Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement, the Federal Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in the Federal Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Inovio stockholders.

17. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

- 7 -

18. The Court may, in its discretion, change the date and/or time of the Settlement Hearing without further notice to Current Inovio Stockholders and reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current Inovio Stockholders.  Any Current Inovio Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the investors relations page of Inovio's website for any change in date, time or format of the Settlement Hearing.

**IT IS SO ORDERED.**

DATED: June 14, 2023

                                    BY THE COURT:


                                    */s/ Gerald J. Pappert*
                                    GERALD J. PAPPERT, J.