UNITED STATES DISTRICT COURT EASTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| IN RE INOVIO PHARMACEUTICALS, INC. DERIVATIVE LITIGATION | Lead Case No. 2:20-01962 |

**ORDER AND FINAL JUDGMENT**

**AND NOW**, this 11th day of October 2023, after presiding over these cases for more than three years, preliminarily approving the Settlement Agreement, (ECF 11), reviewing Counsel's Motion for Final Approval of the Settlement, (ECF 14), the Notice of Non-Objection to the Settlement, (ECF 18), all declarations and materials in support of the motion, the legal standards governing such approvals, and conducting a hearing, (ECF 20), the Court grants Counsel's motion and the following is hereby **ORDERED** and **APPROVED**:

1. The Court finds that the Notice provided to Inovio Pharmaceuticals, Inc. ("Inovio") stockholders constituted the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process. Inovio apprised interested parties of the pendency of the action and afforded them an opportunity to present their objections by posting a copy of the Notice and the Stipulation and Agreement of Settlement on the investor relations pages of the Company's website, issuing a press release and filing a Form 8–K with the Securities and Exchange Commission with the Stipulation and Notice attached as exhibits.

2.   The Court hereby approves the Settlement set forth in the Stipulation dated March 31, 2023, and finds, considering the factors listed in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and other standards governing such approvals, that the Settlement is fair, reasonable and adequate to each of the Settling Parties and the Settlement is in the best interests of Inovio and its stockholders.  The principal factor to consider in a shareholders' derivative suit is "the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." *Shlensky v. Dorsey*, 574 F2d 131, 147 (3d Cir. 1978).  The Settlement, to which no shareholders objected, provides substantial benefits to Inovio through corporate governance reforms which will remain in effect for at least five years, including the establishment of a board-level Science Review and Oversight Committee, improvements to both Inovio's Audit Committee and Whistleblower Policy, and new reporting and board independence requirements.  The Settlement is the result of informed investigations, rigorous arm's-length negotiations between sophisticated parties represented by experienced counsel, and the assistance of mediator Michelle Yoshida.  The Court also considered the litigation's complexity, expenses and likely duration and the continued risks inherent in a shareholders' derivative suit.

3.   The Federal Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided.

4.   Upon the Effective Date, the Plaintiffs' Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons. Plaintiffs' Releasing Parties shall be deemed to have, and by operation of the Judgment

2

shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in the Settlement and/or this Judgment.

5. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Defendants' Released Persons from Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Defendants' Released Persons with respect to any of Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Defendants' Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Judgment.

6. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes.

7. The Court hereby approves the sum of $1,175,000.00 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Derivative Actions and the Demands ("Fee and Expense Amount").  No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.  Plaintiffs in a shareholders' derivative action "may recover their expenses, including attorneys' fees, from the corporation on whose behalf their action is taken if the corporation

3

derives a benefit, which may be monetary or nonmonetary, from their successful prosecution or settlement of the case." *Shlensky* at 149. The Court considered the factors listed in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and other standards governing such awards to determine that the Fee and Expense Amount is fair and reasonable. Counsel have obtained a substantial benefit for Inovio, with none of its shareholders objecting to Counsel's motion for attorneys' fees. Counsel zealously and professionally represented their clients throughout complex litigation with very real litigation risks. The requested fees are consistent with awards in similar cases, and a lodestar cross-check of the percentage award confirms the fees' reasonableness.

8. The Court hereby approves the service awards of $1,500.00 for each of the eight Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Derivative Actions and the Demands.

9. Neither the Stipulation, nor any of its terms or provisions, nor entry of this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing or concession of liability whatsoever.

10. Defendants may file the Stipulation and/or the Judgment in any action that has or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or

similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

12. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

13. This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

DATED: October 11, 2023

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.